# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BRIAN M. CASEY,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:24cv504-WS-MAF**

**FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner well known to this Court, initiated this civil rights case by submitting a § 1983 complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Although Plaintiff's motion reveals Plaintiff lacks funds with which to pay the filing fee for this case, Plaintiff cannot be granted in forma pauperis status unless his complaint shows that he faces "imminent danger of serious physical injury." That is because Plaintiff, admittedly, has accumulated "three strikes." *See* ECF No. 1 at 10-15. The relevant statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added). Plaintiff's complaint has been reviewed to determine if there are sufficient allegations of "imminent danger." The danger must be present at the time the complaint is filed because recounting past injuries is insufficient. Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999). If Plaintiff does not show he is facing "imminent danger of serious physical injury at the time" the complaint is filed, the motion for in forma pauperis status should be denied. Medberry, 185 F.3d at 1193. Additionally, a complaint that alleges only the mere possibility of danger is not enough. "[T]he fact that something, even something very serious . . . , could happen does not mean it is about to happen and is therefore imminent." Daker v. Ward, 999 F.3d 1300, 1312 (11th Cir. 2021), cert. denied, 142 S. Ct. 2716 (2022).

Here, Plaintiff's complaint is almost exclusively based on past events spanning from 2013 through 2022. ECF No. 1. Those facts do not establish imminent danger. He contends that he was diagnosed with

peripheral vein disease in 2013, but treatment was withdrawn that same year. ECF No. 1 at 6. He also claimed he "could not receive medical care for a heart attack on or about March 10, 2014." *Id.* at 6. Plaintiff cannot litigate claims which originated more than ten years ago in this case because he cannot be granted in forma pauperis status unless he faces imminent danger. *See* 28 U.S.C. § 1915(g). That is sufficient reason to deny the in forma pauperis motion and dismiss this case.

Moreover, Plaintiff is attempting to bring claims that were previously dismissed. He contends that he was denied medical care for "multiple ailments including peripheral vein disease between January 2021" and July 2022. ECF No. 1 at 6-7. The focus of his complaint is based almost entirely on past events and do not show "imminent danger." Plaintiff does include several paragraphs concerning an incident on August 14, 2024, when he claims he "experienced the symptoms of a heart attack." ECF No. 1 at 17. Plaintiff alleges that he requested a medical examination but "was denied." *Id.* Even so, Plaintiff acknowledged that he had a "routine physical" the next day. *Id.* Plaintiff complains that the nurse did not record any of his complaints or ailments. *Id.* Thus, he claims he "is in imminent danger of worsening conditions of circulatory disease." *Id.* He contends

that without medical care, he "is subject to a heart attack." *Id.* at 18. However, Plaintiff does not allege that he has had any additional issues or problems which are not being treated.  Plaintiff has not claimed anything more that his subjective belief that he had "symptoms of a heart attack" and he has not alleged any additional medical issues, problems, or symptoms. Plaintiff's allegations are based on speculation, based on Plaintiff's self-diagnosis and are unsupported by credible allegations of current or ongoing medical problems.  Plaintiff's complaint presents nothing more than a vague possibility of danger because Plaintiff has not alleged further medical problems or issues in the intervening four months after the August 2024 incident.[1]  Those general and vague assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Sutton v. Dist. Attorney's Off., of Gwinnett Superior Ct., Georgia</u>, 334 F. App'x 278, 279 (11th Cir. 2009).

---

[1] The complaint was filed in this Court on December 9, 2024.  ECF No. 1.

Plaintiff's motion for in forma pauperis status, ECF No. 2, should be denied and this case dismissed because Plaintiff's complaint does not show he is facing imminent danger. A prisoner with three strikes who is not in imminent danger must pay the filing fee in full at the outset. When a "three strikes" prisoner does not pay the filing fee at the outset, the proper remedy is to dismiss the case. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (rejecting a three-strikes prisoner's assertion that upon denial of leave to proceed in forma pauperis he should have been allowed to pay the fee and avoid dismissal). Thus, this case should be dismissed, but dismissal should be without prejudice to Plaintiff submitting a complaint which presents only factual allegations of recent events which support a claim for imminent danger.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, ECF No. 2, be **DENIED** because Plaintiff's complaint, ECF No. 1, does not present sufficient allegations of imminent danger and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g). If is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court

to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

CASE No. 4:24cv504-WS-MAF